NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

DARNELL DOYLE,                    :
                                  :
                                  :   Civil Action No. 13-5284 (RMB)
            Petitioner,           :
                                  :
            v.                    :   **MEMORANDUM OPINION**
                                  :
UNITED STATES OF AMERICA,         :
                                  :
            Respondent.           :
_____:

This matter comes before the Court upon Darnell Doyle's ("Petitioner")motion seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  For the reasons set forth below, this motion will be denied as untimely, and no certificate of appealability will issue. Petitioner, however, will be allowed an opportunity to elaborate on his position that his motion is timely.

On November 23, 2007, Petitioner was arrested for his participation in the sale of a controlled substance.  See generally United States v. Doyle, Crim. Action No. 08-0281 (RMB) (D.N.J.).  In a search incident to his arrest, law enforcement found a loaded and operable firearm.  Petitioner was charged with a violation of 18 U.S.C. § 922(g)(1) and, on November 14, 2008, pled guilty.  On May 15, 2010, this Court sentenced Petitioner to 100 months im prison, a sentence at the lower range of the applicable Guideline.

On January 18, 2011, Petitioner commenced a § 2255 action,

see Doyle v. USA, Civil Action No. 11-0255 (RMB) (D.N.J.), but

withdrew that application on October 21, 2011, prior to

resolution on the merits.  See id., Docket Entry No. 33.

Almost two years later, on September 4, 2013, Petitioner

filed the within § 2255 petition.[1] Petitioner advances two

arguments.[2] Specifically, he asserts: (a) that his sentence was

improper because this Court unduly considered Petitioner's

involvement in the controlled substance transaction preceding his

arrest; and (b) that he was stripped from his right to appeal the

involuntariness of his plea because of prosecutorial misconduct

and ineffective assistance of his counsel.[3]  Petitioner avers

---

[1]  Contrary to the Respondent's argument advanced in the
criminal matter, because Petitioner's initial petition in Doyle
v. USA, Civil Action No. 11-0255, was withdrawn prior to
resolution on the merits, Petitioner's instant proceeding would
not qualify as "second or successive" of Doyle v. USA, Civil
Action No. 11-0255.

[2]  Petitioner's third challenge paraphrases his first two
claims.  See Docket Entry No. 1, at 6.

[3]  Petitioner's failure to specify the alleged misconduct
and the alleged acts of ineffective assistance renders his
challenges to his plea deficient under Habeas Rule 2(c), which
obligates a petitioner to, inter alia, "specify all the grounds
for relief available to the petitioner" and "state the facts
supporting each ground." 28 U.S.C. § 2254 Rule 2(c), (applicable
to Section 2255 proceedings through Rule 1(b)).  However, since
this oversight could be cured, at least theoretically, by
Petitioner's repleading, the Court does not factor this error
into its analysis.

that his petition is timely in light of <u>Alleyne v. United States</u>,

133 S.Ct. 2151 (June 17, 2013).[4]

A § 2255 motion must usually be filed within one year of the

challenged conviction becoming final.  <u>See</u> 28 U.S.C. §

2255(f)(1).  When a defendant does not appeal a sentence,

judgment becomes final ten business days after the entry of the

sentence.  <u>See</u> Fed. R. App. P. 4(b) (time to file notice of

appeal from criminal judgment is 14 days).[5]  Here, Petitioner's

sentence became final in May 2010, more than three years prior to

commencement of the instant matter.  Hence, this motion facially

---

[4]  It appears that Petitioner "appends" his claim based on
the alleged involuntariness of his plea to his attack on his
sentence in order to assert that both challenges are timely in
light of  <u>Alleyne</u>.  <u>See</u>, <u>generally</u>, Instant Matter, Docket
Entries Nos. 1 and 1-1.

[5]  A 1-year period of limitation shall apply to a motion
under this section. The limitation period shall run from the
latest of--
    (1)  the date on which the judgment of conviction becomes
         final;
    (2)  the date on which the impediment to making a motion
         created by governmental action in violation of the
         Constitution or laws of the United States is removed,
         if the movant was prevented from making a motion by
         such governmental action;
    (3)  the date on which the right asserted was initially
         recognized by the Supreme Court, if that right has been
         newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review;
         or
    (4)  the date on which the facts supporting the claim or
         claims presented could have been discovered through the
         exercise of due diligence.

28 U.S.C. § 2255(f).

is untimely with regard to, at the very least, one of

Petitioner's attack on his plea.  This is so because the

unspecified deficiencies in the defense counsel's assistance and

the unspecified errors in the prosecutor's conduct had to cease,

at the latest, on the date of Petitioner's sentencing.

Consequently, even if this Court were to hypothesize that

Petitioner's unspecified challenge had merit, this challenge is

facially untimely.

    Similarly, Petitioner's attack on his sentence is untimely

as well because his reliance on Alleyne is misplaced.  In

Alleyne, the petitioner was charged with the offence of using or

carrying a firearm in relation to a crime of violence, which

carried a 5-year mandatory minimum sentence that increased to a

7-year minimum "if the firearm is brandished" and to a 10-year

minimum "if the firearm is discharged."  Alleyne, 133 S. Ct. at

2155-56.[6]  In rendering its conviction, the Alleyne jury

indicated in its form that the defendant had "used or carried a

firearm during and in relation to a crime of violence," but not

that the firearm was "brandished." Id. at 2156 (brackets

omitted).  When the presentence report recommended a 7-year

sentence, the Alleyne petitioner objected, arguing that the

verdict form clearly indicated that the jury did not find

---

    [6]  In other words, the fact of "brandishing" (or
"discharging") is an *element* of the offence which corresponds to
a mandatory minimum term at 7 years (or 10 years).

brandishing beyond a reasonable doubt and that raising his

mandatory minimum sentence based on a sentencing judge's finding

of brandishing would violate his Sixth Amendment right to a jury

trial. The sentencing court overruled that objection by relying

on Harris v. United States, 536 U. S. 545 (2002). The appellate

court affirmed, but the Supreme Court reversed, basing its

decision on Apprendi v. New Jersey, 530 U. S. 466 (2000).[7] See

Alleyne, 133 S. Ct. at 2163.  However, "where no mandatory

*minimum* penalty [is] at issue, Alleyne is [simply] inapplicable."

United States v. Sechler, 2013 U.S. App. LEXIS 16700, at *4, n.1

(3d Cir. Aug. 13, 2013) (emphasis supplied).

In the case at bar, Petitioner's timeliness argument

(asserted to support his challenge to his sentence) turns on the

applicability of Alleyne.  Petitioner's reliance on Alleyne,

however, is misplaced because the issue of Petitioner's

sentencing neither implicated a consideration of the mandatory

minimum nor required this Court to make a factual finding as to

---

[7]  The supreme Court in Apprendi concluded that any facts
that increase the prescribed range of penalties to which a
criminal defendant is exposed are elements of the crime.

an element of the offence raising such mandatory minimum.[8]  See

Sechler, 2013 U.S. App. LEXIS 16700, at *4, n.1.

Hence, because both of Petitioner's challenges are untimely,

Petitioner's § 2255 motion will be denied. Local Appellate Rule

22.2 of the United States Court of Appeals for the Third Circuit

states that, when a final order denying a motion under §2255 is

entered, the district court must determine whether a certificate

of appealability should issue.  Congress has mandated that "[a]

certificate of appealability may issue . . . only if the

applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. §2253(c)(2).  Where, as here,

the court denies relief on procedural grounds, a petitioner is

entitled to a certificate of appealability only if he can

demonstrate both that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it

debatable whether the court is correct in its procedural ruling.

See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings

---

[8]  Moreover, while Alleyne was a new rule of law, it would
not be "retroactive" within the meaning of § 2255(f).  Therefore,
it would not supply a valid basis for § 2255 habeas relief even
had Petitioner's sentencing involved a mandatory minimum prison
term analysis.  See United States v. Reyes, 2013 U.S. Dist. LEXIS
112386 (E.D.Pa. Aug. 8, 2013)(providing a careful and extensive
analysis of Alleyne under the relevant Supreme Court and Third
Circuit law and concluding that Alleyne is not a retroactive rule
under Section 2255(f)(3)).

v. Wakefield, 316 F. App'x 177, 179 (3d Cir. 2009).  This Court
is satisfied that jurists of reason would not find it debatable
that Petitioner's §2255 motion is time-barred and, thus, jurists
of reason would not find it debatable that Petitioner has failed
to make a substantial showing of the denial of a constitutional
right.  Hence, no certificate of appealability will issue.

However, being mindful of the Court of Appeal's teaching
that "courts should give notice that a limitations problem may
exist, as well as provide an opportunity for a habeas movant or
petitioner to respond," United States v. Bendolph, 409 F.3d 155,
165 n. 15 (3d Cir. 2005), the Court will retain jurisdiction over
this matter for 180 days so to provide Petitioner with an ample
opportunity to file a written statement elaborating on his
assertion that his motion at bar is timely, that is, if
Petitioner desires to so elaborate and believes, in good faith,
that his position is not frivolous in light of the guidance
provided to him supra.[9]  The Court will direct administrative

---

[9]  Since Petitioner is a pro se litigant, Petitioner's
written statement need not be reduced to a formal legal brief,
and a clear and concise statement in layperson terms would
suffice.  The courts agree that an administrative closing has no
effect other than to remove a case from the court's active docket
and is useful in a case that might remain moribund for awhile.
See Papotto v. Hartford Life & Accident Insurance Co., (Sept. 26,
2013). Here, being not in the position to predict whether
Petitioner might or might not elect to file a written statement
elaborating on the timeliness of his motion, the Court finds
resort to administrative termination well warranted.

termination of this matter, but such measure will be solely for the purposes of case management. No <u>Miller</u> notice will issue, because – in the event the motion at bar is untimely – Petitioner's right to file an all-inclusive application cannot be implicated.[10] Respondent will be directed to enter a formal appearance, but such appearance will be for the notice purposes only and no action by Respondent will be directed at the instant juncture.

An appropriate Order accompanies this Memorandum Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2013

---

[10] Under <u>United States v. Miller</u>, 197 F.3d 644, 652 (3d Cir. 1999), <u>pro</u> <u>se</u> litigants are notified of their opportunity to withdraw the original motion and file an inclusive § 2255 motion.